IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02453-ZLW-CBS

KEITH LANCE,
CARL MILLER,
RENEE NELSON,
NANCY O'CONNOR,

    Plaintiffs,
v.

MIKE COFFMAN, SECRETARY OF STATE FOR
THE STATE OF COLORADO, in his Official Capacity only,

    Defendant.

## ORDER ON REMAND FROM THE UNITED STATES SUPREME COURT

Before **EBEL**, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, **PORFILIO**, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, and **WEINSHIENK**, Senior District Judge of the United States District Court for the District of Colorado.

**EBEL**, Senior Circuit Judge.

On remand from the Supreme Court, we once again consider Plaintiffs' suit against the Colorado Secretary of State, a dispute growing out of out of Colorado's congressional redistricting after the 2000 census, which resulted in the creation of two competing electoral maps—one created by the Colorado state courts in 2002 and the other created by the General Assembly after the 2002 election. Plaintiffs brought suit against then-Secretary of State Davidson,

asserting that Art. V, § 44 of the Colorado Constitution, as interpreted by the Colorado Supreme Court, violated Art. I, § 4 of the U.S. Constitution (the "Elections Clause" claim) and the First and Fourteenth Amendments of the U.S. Constitution (the "Petition Clause" claim).  Lance v. Davidson, 379 F. Supp. 2d 1117, 1122 (D. Colo. 2005) [hereinafter "Lance I"].  We previously dismissed Plaintiffs' Petition Clause claim for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), a judgment which the Supreme Court affirmed.  Lance v. Coffman, ___U.S.___, 127 S.Ct. 1194, 1198 (March 7, 2007) [hereinafter "Lance IV"].  Pursuant to the Supreme Court's mandate, we now DISMISS Plaintiffs' Elections Clause claim for lack of standing.

## BACKGROUND

We previously recounted much of the procedural history leading to our present order in Lance v. Dennis, 444 F. Supp. 2d. 1149 (D. Colo. 2006) [hereinafter "Lance III"], *vacated in part and remanded*, Lance IV, 127 S.Ct. 1194:

> The first round of litigation following Colorado's redistricting involved two suits: 1) an original action in the Colorado Supreme Court by the state attorney general, People ex rel. Salazar v. Davidson, 79 P.3d 1221 (Colo. 2003), in which the Colorado Supreme Court held that Colo. Const. Art. V, § 44, consistent with the federal Constitution, limited redistricting to once per decade, such that the legislative plan passed in 2003—after the state court's adoption of a plan in 2002—violated the state constitution, id. at 1226, 1231-32, 1243; and 2) a federal court action brought by proponents of the court-ordered plan, Keller v. Davidson, 299 F. Supp. 2d 1171 (D. Colo. 2004), in which this three-judge district

> court ruled that defendants' original counterclaims, which also raised the issue of whether Colo. Const. Art. V, § 44 violates Article I, § 4 of the Federal Constitution, were precluded under Colorado issue preclusion law by the judgment in <u>Salazar</u>, <u>see</u> <u>Keller</u>, 299 F. Supp. 2d at 1181-83.
>
> Prior to the dismissal in <u>Keller</u>, the <u>Lance</u> Plaintiffs brought this suit. In our [first] order in this suit, we ruled that the Plaintiffs' Elections Clause claim was jurisdictionally barred by the <u>Rooker-Feldman</u> doctrine, relying upon the Plaintiffs' privity status with litigants in <u>Salazar</u>. <u>Lance I</u>, 379 F. Supp. 2d at 1125-27. Additionally, we ruled that Plaintiffs' Petition Clause claim failed to state a claim upon which relief may be granted because Colo. Const. Art. V, § 44, as interpreted in <u>Salazar</u>, does not prohibit political speech or petition for redress. <u>Id.</u> at 1131-32.
>
> On appeal from that order, the Supreme Court disagreed with our <u>Rooker-Feldman</u> ruling,[1] vacated our judgment, and remanded the case to us. [<u>Lance v. Dennis</u>, 126 S. Ct. 1198, 1202-03 [hereinafter "<u>Lance II</u>"]]. Because we dismissed Plaintiffs' Petition Claim on grounds other than <u>Rooker-Feldman</u>, our prior adjudication of that claim stands. <u>See</u> <u>Lance I</u>, 379 F. Supp. 2d at 1131-32 (dismissing for failure to state a claim upon which relief may be granted); <u>see also</u> <u>Lance II</u>, 126 S. Ct. at 1204 (Stevens, J., dissenting) ("[Plaintiffs'] spurious Petition Clause claim was also properly dismissed by the District Court."). Accordingly, only Plaintiffs' Elections Clause claim [was] before us again on remand.

<u>Lance III</u>, 444 F. Supp. 2d at 1151-52.

On remand in <u>Lance III</u>, we held that Plaintiffs had standing to bring their Elections Clause claim and proceeded to address the merits of this claim, dismissing it pursuant to the doctrine of issue preclusion. 444 F. Supp. 2d at 1153-55, 1162. However, Plaintiffs again appealed our ruling to the Supreme

---

[1] Specifically, the Supreme Court held that "[t]he <u>Rooker-Feldman</u> doctrine does not bar actions by nonparties to [an] earlier state-court judgment simply because, for purposes of [issue] preclusion law, they could be considered in privity with a party to the judgment." <u>Lance II</u>, 126 S. Ct. at 1202.

Court, which held that they lacked standing for their Elections Clause claim. "The only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." Lance IV, 127 S.Ct. at 1198. The Court thus vacated the portion of our Lance III decision concerning Plaintiffs' Elections Clause claim and remanded with instructions to dismiss this claim for lack of standing. Id.

Pursuant to the Supreme Court's mandate, we therefore DISMISS Plaintiffs' Elections Clause claim for lack of standing. Because we have already dismissed Plaintiffs' only other claim in this case, IT IS ORDERED that Plaintiffs' Amended Complaint and cause of action are dismissed with prejudice.

DATED: March 23, 2007.

BY THE COURT:

*/s/ David M. Ebel*
_____
David M. Ebel
United States Circuit Judge